UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| BERNICE GARZA, Plaintiff, | § | |
| --- | --- | --- |
| | § | |
| v. | § | |
| | § | CIVIL ACTION |
| OMAR ESCOBAR JR., in his official | § | |
| capacity as District Attorney, 229th | § | NO. 7:18-cv-00249 |
| Judicial District of Texas, and in his | § | |
| personal capacity; and STARR | § | |
| COUNTY, TEXAS, Defendants. | § | |

# Defendant Escobar's Answer to Original Complaint

Omar Escobar Jr. (in his official capacity as District Attorney, 229th Judicial District of Texas, and in his individual capacity) makes this answer to *Plaintiff's Original Complaint* (Doc. 1), filed by Bernice Garza.

## I. Responses to pleaded allegations

1. Paragraph 1 of the Complaint contains jurisdictional allegations and no underlying factual allegations to admit or deny. The Eleventh Amendment may preclude subject-matter jurisdiction over some claims in this suit.

2. Escobar denies that events giving rise to any claim occurred, as alleged in Paragraph 2 of the Complaint. Escobar admits that venue would be proper in this district.

3. Escobar admits that Bernice Garza resides in Starr County but otherwise does not have information sufficient to admit or deny the factual allegations in Paragraph 3 of the Complaint.

1

4. Escobar neither admits nor denies that he is a final policymaker for Starr County, which depends on a question of law regarding whether, as a multiple-county district attorney, he is considered a state or a county official. Escobar otherwise admits the factual allegations in Paragraph 4 of the Complaint.

5. Escobar admits the factual allegations in Paragraph 5 of the Complaint.

6. Escobar admits that he first ran for district attorney in the 2012 election. Escobar admits that Bernice Garza and some of her family members supported his campaign. Escobar otherwise denies the factual allegations in Paragraph 6 of the Complaint.

7. Escobar admits that Bernice Garza was previously an employee of Starr County. Escobar does not have information sufficient to admit or deny the remaining factual allegations in Paragraph 7 of the Complaint.

8. Escobar admits the factual allegations in Paragraph 8 of the Complaint but denies that a "transfer" occurred or required approval of the commissioners' court, aside from approval of the funds to pay the salary.

9. Escobar admits the factual allegations in Paragraph 9 of the Complaint.

10. Escobar admits the factual allegations in Paragraph 10 of the complaint.

11. Escobar admits the factual allegations in Paragraph 11 of the complaint.

12. Escobar admits approving a pay increase for Bernice Garza in September 2015, as a result of corresponding grant funding for her position, but otherwise does not have information sufficient to admit or deny the remaining factual allegations in Paragraph 12 of the Complaint.

13. Escobar admits that Bernice Garza worked for his campaign in 2016 and otherwise denies the factual allegations in Paragraph 13 of the Complaint.

14. Escobar denies giving the alleged instructions and otherwise does not have information sufficient to admit or deny the factual allegations in Paragraph 14 of the Complaint.

15. Escobar denies the factual allegations in Paragraph 15 of the Complaint.

16. Escobar admits the factual allegations in Paragraph 16 of the Complaint, except that the additional compensation was a supplement from Jim Hogg County for grant management.

17. Escobar denies the factual allegations in Paragraph 17 of the Complaint.

18. Escobar admits the factual allegations in the first sentence of Paragraph 18 of the Complaint. Escobar admits that Bernice Garza worked on his 2016 campaign and that he had been friends and allies with Bernice Garza and Letty Galvan with respect to some matters.

19. Escobar admits hearing that Letty Galvan had expressed interest in running for county commissioner and otherwise denies the factual allegations in Paragraph 19 of the Complaint.

20. Escobar denies the factual allegations in Paragraph 20 of the Complaint.

21. Escobar denies the factual allegations in Paragraph 21 of the Complaint.

22. Escobar denies the factual allegations in Paragraph 22 of the Complaint.

23. Escobar denies the factual allegations in Paragraph 23 of the Complaint.

24. Escobar denies the factual allegations in Paragraph 24 of the Complaint.

25. Escobar admits the factual allegations in the first sentence of Paragraph 25 of the Complaint, does not have information sufficient to admit or deny the second sentence of Paragraph 25 of the Complaint, and admits that the athletic director decided not to retire. Escobar denies the remaining factual allegations in Paragraph 25 of the Complaint.

26. Escobar denies the factual allegations in Paragraph 26 of the Complaint.

27. Escobar denies the factual allegations in Paragraph 27 of the Complaint.

28. Escobar denies the factual allegations in Paragraph 28 of the Complaint.

29. Escobar admits having a conversation with Bernice Garza's parents at Escobar's office in June 2017 and otherwise denies the factual allegations in Paragraph 29 of the Complaint.

30. Escobar admits taking vacation in July 2017, does not have information sufficient to admit or deny any statements by Martie Vela, and otherwise denies the factual allegations of Paragraph 30 of the Complaint.

31. Escobar admits having a conversation with Martie Vela after he returned from vacation. Escobar otherwise denies the factual allegations in Paragraph 31 of the Complaint.

32. Escobar denies the factual allegations in Paragraph 32 of the Complaint.

33. Escobar denies the factual allegations in Paragraph 33 of the Complaint.

34. Escobar admits hearing that Letty Galvan had expressed interest in running for county commissioner and denies the remaining factual allegations in Paragraph 34 of the Complaint.

35. Escobar admits that Letty Galvan announced her candidacy for County Judge. Escobar otherwise denies the factual allegations in Paragraph 35 of the Complaint.

36. Escobar admits that assistant district attorneys Abel Villarreal and Alex Barrera met with the county auditor in September 2017 and otherwise denies the factual allegations of Paragraph 36 of the Complaint.

37. Escobar admits meeting with the county auditor on that day, that Bernice Garza left during the meeting, and otherwise denies the factual allegations in Paragraph 37 of the Complaint.

38. Escobar admits asking Bernice Garza not to discuss the subject of the assistant district attorneys' meeting with the county auditor.

39. Escobar admits having conversations with Alex Barrera and Bernice Garza about the conversations with the county auditor. Escobar otherwise denies the factual allegations in Paragraph 39 of the Complaint.

40. Escobar denies the factual allegations in Paragraph 40 of the Complaint.

41. Escobar denies the factual allegations in Paragraph 41 of the Complaint.

42. Escobar denies the factual allegations in Paragraph 42 of the Complaint.

43. Escobar denies the factual allegations in Paragraph 43 of the Complaint.

44. Escobar admits that Bernice Garza was the head of the Crime Victims Unit with no reduction in salary and otherwise denies the factual allegations in Paragraph 44 of the Complaint.

45. Escobar admits that subordinates would prepare crime victims for trial. Escobar otherwise denies the factual allegations in Paragraph 45 of the Complaint.

46. Escobar denies the factual allegations in Paragraph 46 of the Complaint.

47. Escobar admits the factual allegations in Paragraph 47 of the Complaint, except for the "By this time" characterization and except for the date of Ana Lisa Garza's resignation, which he does not have sufficient information to admit or deny.

48. Escobar admits the factual allegations in Paragraph 48 of the Complaint.

49. Escobar denies the factual allegations in Paragraph 49 of the Complaint.

50. Escobar admits that Letty Galvan announced that she would run for County Judge against incumbent Eloy Vera. Escobar otherwise denies the allegations in Paragraph 50 of the Complaint.

51. Escobar admits the factual allegations in Paragraph 51 of the Complaint.

52. Escobar denies the factual allegations in Paragraph 52 of the Complaint.

53. Escobar denies the factual allegations in Paragraph 53 of the Complaint.

54. Escobar denies the factual allegations in Paragraph 54 of the Complaint.

55. Escobar denies the factual allegations in Paragraph 55 of the Complaint.

56. Escobar admits having a text-message conversation with Bernice Garza via Signal about Senate Bill 5 and otherwise denies the allegations in Paragraph 56 of the Complaint.

57. Escobar denies the factual allegations in Paragraph 57 of the Complaint.

58. Escobar admits that Bernice Garza was working less than full-time, was using her remaining comp time, had kept her position, and was drawing her regular salary. Escobar otherwise denies the factual allegations in Paragraph 58 of the Complaint.

59. Escobar admits the factual allegations in Paragraph 59 of the Complaint, except that Escobar denies that he suggested that Bernice Garza take a leave of absence.

60. Escobar admits the factual allegations in Paragraph 60 of the Complaint.

61. Escobar admits that, before the start of early voting, the Starr County Special Crimes Unit arrested and that the State of Texas, through his office, charged the named individuals for offenses related to mail-in ballots. Escobar admits that Ernestina Barron and Erika Lozano Pelayo had worked with Bernice Garza on his and others' campaigns in 2016. Escobar denies the remaining factual allegations in Paragraph 61 of the Complaint.

62. Escobar denies the allegations in Paragraph 62 of the Complaint, except that he does not have information sufficient to admit or deny what Plaintiff knew or intended.

63. Escobar admits the allegations in Paragraph 63 of the Complaint.

64. Escobar admits receiving Bernice Garza's message. Escobar admits having staff tell Bernice Garza to leave the office.

65. Escobar admits that Bernice Garza left the office, that Bernice Garza returned, and that, upon learning that Bernice Garza was deleting computer files, Escobar instructed staff to request courthouse security to escort her from the office. Escobar admits that Bernice Garza returned her office-issued iPad and phone. Escobar denies that Lidiana Corona is an office manager. Escobar does not have information sufficient to admit or deny the remaining factual allegations of Paragraph 65 of the Complaint.

66. Escobar admits the allegations in Paragraph 66 of the Complaint.

67. Escobar admits the allegations in Paragraph 67 of the Complaint.

68. Escobar does not have information sufficient to admit or deny the factual allegations in Paragraph 68 of the Complaint, except that Escobar admits that Barbara M. Ramirez is his legal assistant in Duval and Jim Hogg Counties and that she sent an e-mail to Starr County human resources director Armandina Martinez.

69. Escobar admits the factual allegations in Paragraph 69 of the Complaint.

70. Escobar admits that the effective date of Bernice Garza's termination was April 4, 2018. Escobar otherwise does not have information sufficient to admit or deny the factual allegations of Paragraph 70 of the Complaint.

71. Escobar does not have information sufficient to admit or deny the factual allegations of Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint contains no factual allegations to admit or deny.

73. Escobar denies the factual allegations of Paragraph 73 of the Complaint.

74. Escobar denies the factual allegations of Paragraph 74 of the Complaint, except that he admits that he is the final policymaker with respect to employment decisions of the 229th District Attorney's Office and that he terminated Bernice Garza's employment.

75. Escobar denies the factual allegations in Paragraph 75 of the Complaint.

76. Escobar denies the factual allegations in Paragraph 76 of the Complaint.

77. Escobar denies the factual allegations in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains no factual allegations to admit or deny. Escobar also requests a jury trial.

79. Escobar denies that Bernice Garza is entitled to any relief sought in her prayer for relief.

## II. Additional matters

80. Some or all of Bernice Garza's claims are barred by qualified immunity or Eleventh Amendment immunity.

81. The position that Bernice Garza held is not one that can serve as the basis of a First Amendment retaliation claim.

82. Escobar acted in good faith and without knowledge of illegality or any discriminatory conduct directed towards Bernice Garza and denies that such conduct occurred.

83. All of the employment decisions made and actions taken by Escobar with respect to Bernice Garza were based on legitimate, nondiscriminatory factors.

84. To the extent that Bernice Garza suffered any damages, such damages were caused by or contributed to, or by, her own actions.

85. Bernice Garza has failed to mitigate, or reasonably attempt to mitigate, her damages, if any.

86. All interim earnings or amounts earned, or which could have been earned, with reasonable diligence by Bernice Garza should reduce any pay award which might otherwise be allowable.

87. Escobar is entitled to apply any "offset" and/or credit for the amount of any unemployment or other benefits received by Garza after termination.

88. At all times, Bernice Garza's employment was terminable at will, with or without cause.

89. Any exemplary damages claims are subject to applicable Constitutional limitations, including those that pertain to due process, equal protection, taking of private property, and excessive fines and punishment.

## III. Prayer for relief

Escobar asks that, on final judgment, the Court order that Bernice Garza take nothing by this suit, that her claims are dismissed with prejudice, and that Escobar recover his attorney fees and other costs. Escobar also asks for any other relief to which he is entitled.

Respectfully submitted,

/s/ Brian Miller
Myra K. Morris, Attorney-in-Charge
Federal I.D. No. 13611
State Bar No. 14495850

Brian Miller
Federal I.D. No. 21994
State Bar No. 24002607

ROYSTON RAYZOR
VICKERY & WILLIAMS L.L.P.
802 N. Carancahua St., Ste. 1300
Corpus Christi, TX 78401
Tel. No. (361) 884-8808
Fax No. (361) 884-7261

*Counsel for defendant Omar Escobar Jr., in his official and individual capacities*

# Certificate of Service

I certify that, on September 20, 2018, a true copy of this document was served, via the e-filing system, on all counsel of record listed below:

Jerad Wayne Najvar
NAJVAR LAW FIRM P.L.L.C.
2180 N. Loop West, Suite 255
Houston, TX 77018

/s/ Brian Miller
Brian Miller