UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| BERNICE GARZA, Plaintiff, | § | |
|---|---|---|
| | § | |
| v. | § | |
| | § | CIVIL ACTION |
| OMAR ESCOBAR JR., in his official capacity as District Attorney, 229th Judicial District of Texas, and in his personal capacity; and STARR COUNTY, TEXAS, Defendants. | § § § § § § | NO. 7:18-cv-00249 |

# Defendant Starr County's Answer to Original Complaint

Starr County makes this answer to *Plaintiff's Original Complaint* (Doc. 1), filed by Bernice Garza.

## I. Responses to pleaded allegations

1. Paragraph 1 of the Complaint contains jurisdictional allegations and no underlying factual allegations to admit or deny.

2. Starr County denies that events giving rise to any claim occurred, as alleged in Paragraph 2 of the Complaint. Starr County admits that venue would be proper in this district.

3. Starr County admits that Bernice Garza resides in Starr County but otherwise does not have information sufficient to admit or deny the factual allegations in Paragraph 3 of the Complaint.

4. Starr County denies that Escobar is a final policymaker for Starr County, which depends on a question of law regarding whether, as a multiple-county

1

district attorney, he is considered a state or a county official. Starr County otherwise admits the factual allegations in Paragraph 4 of the Complaint.

5. Starr County admits the factual allegations in Paragraph 5 of the Complaint.

6. Starr County admits that Escobar first ran for district attorney in the 2012 election but otherwise does not have information sufficient to admit or deny the factual allegations in Paragraph 6 of the Complaint.

7. Starr County admits the factual allegations in Paragraph 7 of the Complaint.

8. Starr County admits the factual allegations in Paragraph 8 of the Complaint but denies that a "transfer" occurred or required approval of the commissioners' court, aside from approval of the funds to pay the salary.

9. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 9 of the Complaint.

10. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 10 of the Complaint.

11. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 11 of the Complaint.

12. Starr County admits the allegations of Paragraph 12 of the Complaint, except that the dates stated were effective dates.

13. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 13 of the Complaint.

14. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 14 of the Complaint.

15. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 15 of the Complaint.

16. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 16 of the Complaint.

17. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 17 of the Complaint.

18. Starr County admits the factual allegations in the first sentence of Paragraph 18 of the Complaint. Starr County does not have information sufficient to admit or deny the remaining factual allegations in Paragraph 18 of the Complaint.

19. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 19 of the Complaint.

20. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 20 of the Complaint.

21. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 21 of the Complaint.

22. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 22 of the Complaint.

23. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 23 of the Complaint.

24. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 24 of the Complaint.

25. Starr County admits the factual allegations in the first sentence of Paragraph 25 of the Complaint and admits that the athletic director decided not to retire. Starr County does not have information sufficient to admit or deny the remaining factual allegations in Paragraph 25 of the Complaint.

26. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 26 of the Complaint.

27. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 27 of the Complaint.

28. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 28 of the Complaint.

29. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 29 of the Complaint.

30. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 30 of the Complaint.

31. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 31 of the Complaint.

32. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 32 of the Complaint.

33. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 33 of the Complaint.

63029:20365539

34. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 34 of the Complaint.

35. Starr County admits that Letty Galvan ran for county judge. Starr County does not have information sufficient to admit or deny the remaining factual allegations in Paragraph 35 of the Complaint.

36. Starr County admits that assistant district attorneys Abel Villarreal and Alex Barrera met with the county auditor but otherwise does not have information sufficient to admit or deny the factual allegations in Paragraph 36 of the Complaint.

37. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 37 of the Complaint.

38. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 38 of the Complaint.

39. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 39 of the Complaint.

40. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 40 of the Complaint.

41. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 41 of the Complaint.

42. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 42 of the Complaint.

63029:20365539

43. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 43 of the Complaint.

44. Starr County admits that Bernice Garza was the head of the Crime Victims Unit with no reduction in salary but otherwise does not have information sufficient to admit or deny the factual allegations in Paragraph 44 of the Complaint.

45. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 45 of the Complaint.

46. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 46 of the Complaint.

47. Starr County admits the allegations of Paragraph 47 of the Complaint, except for the "By this time" characterization.

48. Starr County admits the factual allegations in Paragraph 48 of the Complaint.

49. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 49 of the Complaint.

50. Starr County admits that Letty Galvan announced that she would run for County Judge against incumbent Eloy Vera but otherwise does not have information sufficient to admit or deny the factual allegations in Paragraph 50 of the Complaint.

51. Starr County admits the factual allegations in Paragraph 51 of the Complaint.

63029:20365539

52. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 52 of the Complaint.

53. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 53 of the Complaint.

54. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 54 of the Complaint.

55. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 55 of the Complaint.

56. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 56 of the Complaint.

57. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 57 of the Complaint.

58. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 58 of the Complaint.

59. Starr County admits that Bernice Garza submitted the letter described in Paragraph 59 of the Complaint and otherwise does not have information sufficient to admit or deny the factual allegations in Paragraph 59 of the Complaint.

60. Starr County admits the factual allegations in Paragraph 60 of the Complaint.

61. Starr County admits that, before the start of early voting, the Starr County Special Crimes Unit arrested and that the State of Texas, through the district attorney's office, charged three individuals for offenses related to mail-in

ballots. Starr County does not have information sufficient to admit or deny the remaining factual allegations in Paragraph 61 of the Complaint.

62. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 62 of the Complaint.

63. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 63 of the Complaint.

64. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 64 of the Complaint.

65. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 65 of the Complaint.

66. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 66 of the Complaint.

67. Starr County does not have information sufficient to admit or deny the factual allegations in Paragraph 67 of the Complaint.

68. Starr County admits the factual allegations in Paragraph 68 of the Complaint.

69. Starr County admits the factual allegations in Paragraph 69 of the Complaint, except that the statement appeared in an attachment to the e-mail.

70. Starr County admits the allegations of the second sentence of Paragraph 70 of the Complaint, except that Starr County does not have information sufficient to admit or deny whether Bernice Garza "immediately took" the receipt to human resources. Starr County admits the third and fourth sentences of Paragraph 70 of

the Complaint, except for the description of documents provided as a "termination packet." Starr County does not have information sufficient to admit or deny the remaining allegations of Paragraph 70 of the Complaint.

71. Starr County denies the factual allegations in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint contains no factual allegations to admit or deny.

73. Starr County denies the factual allegations in Paragraph 73 of the Complaint.

74. Starr County denies the factual allegations in Paragraph 74 of the Complaint, except that it admits that Escobar is the final policymaker with respect to employment decisions of the 229th District Attorney's Office and that he terminated Bernice Garza's employment.

75. Starr County denies the factual allegations in Paragraph 75 of the Complaint.

76. Starr County denies the factual allegations in Paragraph 76 of the Complaint.

77. Starr County denies the factual allegations in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains no factual allegations to admit or deny. Starr County also requests a jury trial.

79. Starr County denies that Bernice Garza is entitled to any relief sought in her prayer for relief.

## II. Additional matters

80. The position that Bernice Garza held is not one that can serve as the basis of a First Amendment retaliation claim.

81. Starr County acted in good faith and without knowledge of illegality or any discriminatory conduct directed towards Bernice Garza and denies that such conduct occurred.

82. All of the employment decisions made and actions taken with respect to Bernice Garza were based on legitimate, nondiscriminatory factors.

83. To the extent that Bernice Garza suffered any damages, such damages were caused by or contributed to, or by, her own actions.

84. Bernice Garza has failed to mitigate, or reasonably attempt to mitigate, her damages, if any.

85. All interim earnings or amounts earned, or which could have been earned, with reasonable diligence by Bernice Garza should reduce any pay award which might otherwise be allowable.

86. Starr County is entitled to apply any "offset" and/or credit for the amount of any unemployment or other benefits received by Garza after termination.

87. At all times, Bernice Garza's employment was terminable at will, with or without cause.

88. Exemplary damages are not available against Starr County. Regardless, any exemplary-damages claims would be subject to applicable Constitutional limitations, including those that pertain to due process, equal protection, taking of private property, and excessive fines and punishment.

## III. Prayer for relief

Starr County asks that, on final judgment, the Court order that Bernice Garza take nothing by this suit, that her claims are dismissed with prejudice, and that Starr County recover its attorney fees and other costs. Starr County also asks for any other relief to which it is entitled.

Respectfully submitted,

/s/ Brian Miller
Myra K. Morris, Attorney-in-Charge
Federal I.D. No. 13611
State Bar No. 14495850

Brian Miller
Federal I.D. No. 21994
State Bar No. 24002607

ROYSTON RAYZOR
VICKERY & WILLIAMS L.L.P.
802 N. Carancahua St., Ste. 1300
Corpus Christi, TX 78401
Tel. No. (361) 884-8808
Fax No. (361) 884-7261

*Counsel for defendant Starr County*

## Certificate of Service

I certify that, on September 25, 2018, a true copy of this document was served, via the e-filing system, on all counsel of record listed below:

Jerad Wayne Najvar
NAJVAR LAW FIRM P.L.L.C.
2180 N. Loop West, Suite 255
Houston, TX 77018

/s/ Brian Miller
Brian Miller

12
63029:20365539