United States District Court
Southern District of Texas
**ENTERED**
January 02, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BERNICE GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-249 |
| | § | |
| OMAR ESCOBAR JR., *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is "All Parties' Joint Motion for Leave and Extension Pertaining to Rule 12(c) Motion" filed by the parties.[1] Therein the parties request (1) leave for Bernice Garza ("Plaintiff") to file an amended response to the pending motion for judgment on the pleadings;[2] and (2) an extension of the deadline for Omar Escobar, Jr. and Starr County, Texas (collectively "Defendants") to file a reply to Plaintiff's response. Also before the Court is Plaintiff's concurrently filed "Amended Response"[3]

Federal Rule of Civil Procedure 6(b) allows continuances of a deadline given a showing of good cause when the request is made before the event in question, but requires a showing of excusable neglect when the deadline has expired. The determination whether a failure to meet a deadline constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice," "the length of the delay and its potential impact on judicial proceedings, the reason for the delay,

---

[1] Dkt. No. 14.
[2] Dkt. No. 12.
[3] Dkt. No. 15.

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[4]

Here, Plaintiff has filed a late response to Defendants' pending motion for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The pending motion for judgment on the pleadings was filed on November 27, 2018.[5] Plaintiff's response was due on December 18, but was filed at 12:06 a.m. on December 19, 2018.[6] Plaintiff states that Plaintiff's counsel "filed the original response seven minutes late in a good-faith effort to comply with the deadline for response and wishes to add authorities and make corrections to the response."[7] Plaintiff's counsel provides the reason for the late filing was "a series of filing deadlines for substantive documents due in recent weeks, including a deadline on Monday December 17."[8]

The Court finds that Plaintiff's explanation just barely meets the excusable neglect standard. First, the Court notes that Plaintiff's stated reason for delay is insufficient. Plaintiff knew the filing deadline, and did not request an extension before the deadline passed. Plaintiff provides no reason for this failure. The Fifth Circuit has held numerous times that calendaring errors and mistakes about deadlines qualify as a careless mistake of counsel and do not constitute excusable neglect.[9]

However, despite the failure of Plaintiff's counsel to fulfill his professional responsibilities, the Court finds Plaintiff meets the excusable neglect standard. The determination of excusable neglect is an equitable one and the equitable balance in this instance weighs in favor

---

[4] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).
[5] Dkt. No. 12.
[6] *See* Dkt. No. 13.
[7] Dkt. No. 14 p. 1.
[8] *Id.*
[9] *See Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 437 (5th Cir. 2018).

of granting the requested relief.[10] The initial delay was only six minutes and the amended response was filed four days after the initial deadline. Thus, allowing Plaintiff to file an amended response beyond the deadline would not impact the judicial proceeding. Defendants are not opposed to the extension and there is no evidence that allowing Plaintiff to file the amended response would be prejudicial in any way. Additionally, Plaintiff appears to have been acting in good faith. On this basis, the Court finds equity weighs in favor of granting Plaintiff relief and allowing Plaintiff to file an amended response.

In addition, Defendants request additional time to file a reply in support of its motion.[11] The current deadline expires on December 26, 2018.[12] Defendants request a deadline of January 4, 2019 on the grounds that Defendants' counsel is out of town visiting relatives.[13] This request was made before the relevant deadline and constitutes good cause.

Accordingly, the Court **GRANTS**, the parties' motion[14] as follows: Plaintiff is granted leave to file the amended response,[15] and Defendants deadline to file a reply is extended to **January 4, 2019.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 2nd day of January, 2019.

_____
Micaela Alvarez
United States District Judge

---

[10] *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.
[11] Dkt. No. 14 at p. 2.
[12] *See* Local Rule 7.4(E) of the Local Rules of the United States District Court for the Southern District of Texas.
[13] Dkt. No. 14 p. 2.
[14] Dkt. No. 14
[15] Dkt. No. 15.